UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CHAD FARRELL,               ) | |
|              ) | |
|       Plaintiff,      ) | |
|              ) | CAUSE NO. 3:10-CV-521 PS |
|     vs.             ) | |
|              ) | |
| OFFICER J. SHOOK, *et al.*,    ) | |
|              ) | |
|      Defendants.    ) | |

## OPINION AND ORDER

Chad Farrell, a *pro se* prisoner, filed this action under 42 U.S.C. § 1983 pertaining to events occurring on January 5, 2009, at Miami Correctional Facility ("Miami"). The events began when Farrell was searched by Officer J. Shook as he went to report to his prison work assignment. (DE 9 at 1.) Farrell claims that Officer Shook conducted the pat-down search in an unnecessarily harassing manner and "aggressively grabbed" his "groin area." (*Id.* at 2.)  Farrell further alleges that he became highly upset and began experiencing chest pains, which led his supervisor to send him to the medical unit for assessment. (*Id.*) He claims that Sergeant Bullins and Officer Collins refused to admit him to the medical unit and ridiculed him as he left the area. (*Id.*) He returned to his work area and later passed out, necessitating a response by emergency medical personnel; he claims that in responding to the emergency, Officer White purposely "jerked" him up by his arm and "slammed" him down on a gurney, causing injury to his shoulder. (*Id.* at 3.)

Farrell was granted leave to proceed on the following claims: a claim against Officer Shook for conducting the pat-down search in a manner designed to harass and humiliate him; a claim against Sergeant Bullins and Officer Collins for denying him access to medical care; and a

claim against Officer White for using excessive force against him. (*Id.* at 8-9.) The defendants move for summary judgment, arguing that Farrell failed to properly exhaust all but the claim against Officer Shook. (DE 34.)

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case."[1] *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Pursuant to the Prison Litigation Reform Act ("PLRA"), prisoners are prohibited from bringing an action in federal court with respect to prison conditions until "such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The failure to exhaust is an affirmative defense on which the defendant bears the burden of proof. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). "To exhaust remedies, a prisoner must file complaints and appeals

---

[1] Farrell filed two separate responses to the motion for summary judgment. (DE 43, 50.) His initial response did not address the issue of exhaustion, and instead addressed the merits of his claims. (DE 43.) He also filed a document complaining about his lack of access to the law library at the correctional facility where he is presently housed; I understood him to be asserting that he needed additional time to file a proper response to the motion and granted him more time to do so. (DE 42, 46.) He then submitted the second response. (DE 50.) Although I have reviewed both responses, only the arguments regarding exhaustion are relevant at this stage.

2

in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). "[U]nless the prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred." *Id.* at 1023.

Here, the undisputed facts show that Farrell was housed at Miami from January 22, 2003, to March 24, 2010. (DE 34-1, Barnes Aff. ¶ 6.) Miami has a formal grievance process in place, whereby a prisoner files a written grievance to the facility's executive assistant, and then an appeal to the facility's grievance manager. (*Id.* ¶¶ 10-13.) The appeal response is also reviewed and responded to by the final reviewing authority in the Indiana Department of Correction ("IDOC") central office. (*Id.* ¶ 11.)

A record is kept of all grievances, and those records show that Farrell filed a grievance on January 6, 2009, regarding the events giving rise to this lawsuit. (*Id.* ¶¶ 16-17.) He complained at length about the pat-down search conducted by Officer Shook. (DE 34-2 at 1.) As to Sergeant Bullins and Officer White, he stated generally that they "continued to provoke the situation," and that Sergeant Bullins "was even refusing me medical attention since I did not have an incident report on me." (DE 34-2 at 1-2.) He made no mention of Officer Collins, nor did he complain about the incident with Officer White involving the alleged use of excessive force. (*Id.*) Farrell's grievance was found to be unsubstantiated. (*Id.* at 4.) He appealed, complaining only about Officer Shook's actions in connection with the pat-down search. (*Id.* at 3.) His appeal was denied. (*Id.* at 4.)

The defendants argue that Farrell only exhausted his claim regarding the pat-down search. (DE 35 at 6-10.) I agree. Although a grievance is not necessarily inadequate because it

3

fails to name a particular defendant, *see Maddox v. Love*, 655 F.3d 709, 721-22 (7th Cir. 2011), it must at a minimum "alert the prison to the nature of the wrong for which redress is sought[.]" *Westefer v. Snyder*, 422 F.3d 570, 580 (7th Cir. 2005). Farrell's grievance failed in this regard because he did not adequately alert prison officials to two types of wrongdoing he is now suing about: a denial of medical care and the use of excessive force by Officer White. *See Johnson v. Snyder*, 444 F.3d 579, 585 (7th Cir. 2006) (inmate did not properly exhaust claim pertaining to a crutch that had been improperly confiscated by filing a grievance complaining that he had fallen in the shower); *see also Bouman v. Robinson*, 324 Fed. Appx. 523 (7th Cir. May 11, 2009) (inmate failed to exhaust claim pertaining to segregation order where his grievance only addressed his suspension from prison job). It is debatable whether Farrell properly raised the denial of medical care claim in his initial grievance, but assuming he did, he did not raise this claim at the appeal level (DE 34-1 at 1-3). *Truly v. Sheahan*, 135 Fed. Appx. 869, 871 (7th Cir. 2005). And although he stated in his initial grievance that Officer White "continued to provoke the situation," he did not raise any claim regarding Officer White's alleged use of excessive force at either stage of the grievance process. (*See* DE 34-2 at 1-4.) Therefore, Farrell did not properly exhaust these claims.

In his response to the motion for summary judgment, Farrell outlines a number of actions he took to complain about the incidents giving rise to the lawsuit, including talking to and writing letters to various prison staff members, a mental health provider, and the American Civil Liberties Union. (DE 50, Response at 2-6.) The Seventh Circuit takes a "strict compliance approach to exhaustion," *see Dole*, 438 F.3d at 809, and actions taken outside the grievance process are no substitute for compliance with the prison's formal grievance process. *Pozo*, 286

4

F.3d at 1025. Therefore, Farrell's argument that he exhausted by making oral complaints and writing letters is unavailing.

Farrell also suggests in general terms that he feared retribution if he completed the grievance process. (DE 50, Response at 6-7.) He does not offer specifics or put this statement in the form of a sworn affidavit as required at this stage. *See* FED. R. CIV. P. 56(c), (e). Regardless, his suggestion is belied by the fact that he did complete the grievance process—just not as to all his claims. *See Bouman*, 324 Fed. Appx. at *3 (fact that inmate filed grievance about another matter refuted his claim that he did not exhaust out of fear of retribution). Furthermore, as Farrell himself points out, he openly complained about the officers' actions to multiple individuals both inside and outside the prison. (*See* DE 50, Response at 2-6.) In short, his suggestion that he was afraid to complete the grievance process finds no support in the record.[2]

Because Farrell did not properly exhaust his claims for the denial of medical care and the use of excessive force by Officer White, these claims must be dismissed. It is not clear that Farrell has the ability to exhaust at this late date, in which case his claims would be permanently foreclosed. *Pozo*, 286 F.3d at 1025 ("Failure to do what the state requires bars, and does not just postpone, suit under § 1983."). Nevertheless, because it is possible that the state may allow him to cure his failure to exhaust, the dismissal of these claims will be without prejudice. *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004).

---

[2] Farrell also appears to complain that the defendants quoted from an older version of FED. R. CIV. P. 56 in their original notice of the motion for summary judgment. (DE 50, Response at 1.) The Magistrate Judge caught this error, however, and required the defendants to send Farrell an updated notice and a copy of the new Rule 56 prior to his filing a response to the motion. (DE 37, Order.) I cannot discern any prejudice to Farrell as a result of the original notice.

For the reasons set forth above, the motion for summary judgment (DE 34) is

**GRANTED**, and the claims against Defendants Bullins, White, and Collins are **DISMISSED**

**WITHOUT PREJUDICE** pursuant to 42 U.S.C. § 1997e(a).

      **SO ORDERED**.

ENTERED: November 8, 2011.

                         s/ Philip P. Simon
                         PHILIP P. SIMON, CHIEF JUDGE
                         UNITED STATES DISTRICT COURT